UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYNTHIA HARRIS,
Individually and on behalf of a class,

                                    Case No. 17-cv- 7799

                    Plaintiff,

            - against -

ARSTRAT, LLC,

                    Defendant.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Arstrat, LLC ("Arstrat"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692g(a), 1692e, 1692e(2) and 1692e(10).

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Cynthia Harris, is an individual resident of the State of New York, residing in the County of Bronx. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Arstrat is a Nevada Foreign Limited Liability Company. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about February 28, 2017, Plaintiff was mailed the collection letter attached as <u>Exhibit A</u> (the "<u>Letter</u>"). Plaintiff received the Letter in the ordinary course of mail.

7. The Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. The Letter is, on information and belief, a form letter.

**A.     Failure to Provide the Name of the Creditor**

9. The Letter sought to recover unpaid medical bills in the amount of $256.20. The alleged medical services were performed on April 1, 2016.

10. The Letter states "**Client Name** North Shore-Lij Medical Group," but fails to identify who "North Shore-Lij Medical Group" is. The Letter further fails to identify whether "North Shore-Lij Medical Group" is the "creditor" or "account holder" or "current creditor" or "original creditor" or any other identifier indicating what the relationship is between "North Shore-Lij Medical Group" and the Plaintiff.

Case 1:17-cv-07799-JSR   Document 2   Filed 10/11/17   Page 3 of 10

11. On or about January 4, 2016, North Shore-LIJ Health Systems, the parent company of the Client named in the Letter was renamed Northwell Health. After January 4, 2016, all debts previously owed to North Shore-Lij Medical Group became owing to Northwell Health.

12. Defendant's Letter were dated February 28, 2017, more than a year after the much publicized name change of the Hospital and the medical services performed took place on April 1, 2016, nearly four months after the much publicized name change of the Hospital, yet the Letter stated "North Shore-Lij Medical Group." Defendant knew or should have known that Plaintiff was no longer indebted to North Shore-Lij Medical Group, but instead was indebted to Northwell Health.

13. Upon information and belief, Defendant is not authorized to act on behalf of Northwell Health, North Shore-Lij Medical Group, or any other entity with regard to the collection of a debt allegedly owed by Plaintiff.

14. At all times pertinent hereto, Defendant used false representation and deceptive means to collect or attempt to collect a debt.

15. At all times pertinent hereto, Defendant failed to provide the name of the creditor to whom the alleged debt is owed to.

16. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**B.   Overshadowing of the Validation Notice**

17. In the middle of the Letter, in big, bold letters, the Letter states, "**Please Call Today**."

18. The Letter misrepresented the Plaintiff's right to dispute the debt, in violation of

3

15 U.S.C. §§ 1692e, 1692e(10), and 1692g.

19. Defendant's statement "Please Call Today" would lead an unsophisticated consumer to conclude that his or her option to dispute the debt, could only be orally.

20. It is a violation of the FDCPA to require disputes to be made orally and it is a violation of the FDCPA to include language in a letter that overshadows the required Validation Notice (the 15 U.S.C. § 1692g(a) statement).

21. It is a further violation of the FDCPA to include language in the Letter that contradicts the Validation Notice.

22. An unsophisticated consumer would conclude from the above-mentioned language, that he has no option to make written dispute. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. NY 2013); also *see Zengerle v. Dynia & Assocs.*, 2013 U.S. Dist. LEXIS 130873 (M.I. 2013).

23. This language overshadowed and contradicted the validation notice stated below it in the letter, and was misleading, since it leaves the debtor with a false notion that disputing an alleged debt requires an oral communication to be made.

24. An unsophisticated consumer would think that all disputes can only be done orally.

25. The said language can be reasonably read to have two or more different meanings, one of which is inaccurate.

26. Defendant's Letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for failing to comply with the Validation Notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices

4

of the Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits and these materially misleading statements trigger liability under section 1692e of the Act.

34. The deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered

damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### **FIRST CAUSE OF ACTION**
(Violations of the FDCPA)

36. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as though set forth at length herein.

37. Collection Letter such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

38. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) the false representation of –
    (A) the character, amount or legal status of any debt; or
    (B) any services rendered or compensation which may be lawfully
    received by any debt collector for the collection of a debt.

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. The Letter would leave anyone, let alone the least sophisticated consumer, confused as to the character and legal status of the debt.

40. The Letter attempt to collect a debt allegedly owed to a non-existing entity.

41. Defendant has no legal authority to attempt to collect this debt and is not authorized to act on behalf of the entity that it purports to act for.

42. The Letter fail to disclose who the Plaintiff is indebted to.

43. Defendant's acts, as described herein, constitute violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

44. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 43 of this Complaint as though set forth at length herein.

45. Section 1692g(a) states that:

(a) **Notice of debt; contents**: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

46. Defendant completely fails to state the name of the creditor to whom the debt is currently owed. Defendant knew or should have known that "North Shore-Lij Medical Group" is not a creditor of Plaintiff as of January 4, 2016. Defendant failed to list the true name of the creditor, Northwell Health.

47. Even if it is determined that North Shore-Lij Medical Group is the true creditor, defendant's Letter fail to convey what the relationship is between North Shore-Lij Medical Group and the Plaintiff.

48. The Letter fail to indicate whether "North Shore-Lij Medical Group" is the account owner, Plaintiff's creditor, Plaintiff's current creditor, Plaintiff's original creditor, or some other relationship between Plaintiff and "North Shore-Lij Medical Group."

49. The Letter state, "the above creditor has referred the above account to us for collection."

50. The Letter fail to indicate who referred the account to Defendant, who Defendant represents, and who is the current creditor.

51. Because of the aforementioned failures, the least sophisticated consumer would likely be confused and uncertain as to the actual owner of the debt

52. Defendant's acts, as described herein, constitute violations of 15 U.S.C. § 1692g(a)(2).

## THIRD CAUSE OF ACTION
(Violations of the FDCPA)

53. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as though set forth at length herein.

54. Defendant's actions as set forth above in the within complaint violates the Fair Debt Collections Practices Act.

55. Specifically, the Letter violates 15 U.S.C. §§ 1692e(10) and 1692g(a), by implying that Plaintiff may only dispute the debt orally, not in writing.

56. The Letter further violates 15 U.S.C. §§ 1692e(10) and 1692g(a), by overshadowing the Plaintiff's validation rights within the thirty-day period, and for engaging in deceptive and false practices.

57. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

58. As a result of defendant's violation of the FDCPA, plaintiff and the class has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

59. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

60. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

61. The class is so numerous that joinder is impracticable.

62. On information and belief, there are more than 50 natural persons who were sent Letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

63. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692g(a), 1692e, 1692e(2) and 1692e(10);

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

64. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

65. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

66. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)  Statutory damages;

b)  Attorney's fees, litigation expenses and costs of suit;

c)  Declaratory relief finding the collection letter violates the FDCPA; and

d)  For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
       October 11, 2017

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 504-7555
e-mail: ShakedLawGroup@gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)